IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMEL BROCKINGTON, | : | CIVIL NO. 3:CV-12-0482 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| C.O. WISHENFSKY, et al., | : | |
| Defendants | : | |

FILED
SCRANTON

MAR 2 9 2012

Per_____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Jamel Brockington ("Plaintiff" or "Brockington"), an inmate presently confined at the State Correctional Institution Mahanoy ("SCI Mahanoy") in Frackville, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Brockington has filed a Motion for leave to proceed in forma pauperis in this case (Doc. 2), and therefore, the Complaint presently is before the Court for screening under the provisions of 28 U.S.C. § 1915. He also has filed a Motion to Appoint Counsel (Doc. 3).

For the reasons set forth below, Brockington's Complaint fails to state a claim upon which relief may be granted against any of the named Defendants. Therefore, his claims against Defendants will be dismissed for failure to state a claim under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is possible that the deficiencies in his Complaint may be remedied by amendment, Brockington will be granted in forma pauperis status and will be given the opportunity to file an amended pleading in this action

within twenty-one (21) days.  In addition, we will deny his request for the appointment of counsel without prejudice.

I.      **Screening of the Complaint**

At the outset, we observe that Brockington's Complaint does not comply with several of the requirements of the Federal Rules of Civil Procedure.  First, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading state a claim for relief that contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  To meet this requirement, a plaintiff must set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him.

Brockington identifies the following eight (8) individual Defendants both in the caption of his Complaint and in the section of his form Complaint where he is asked to more fully identify Defendants: Corrections Officer Wishenfsky; Ms. Desanti; Ms. Heenan; Ms. Tobias; Superintendent Kerestes; Chief Hearing Examiner Robin M. Lewis; Corrections Officer Brown; and a John Doe Corrections Officer.  (See Doc. 1 at 1; at 2 § III.)  The Statement of Claim section of Brockington's Complaint contains allegations against Defendants Wishenfsky, Kerestes, Brown, and a John Doe Corrections Officer; however, Brockington does not make any allegations against Desanti, Heenan, Tobias, and Lewis.  Even as to the four (4) former Defendants against whom he makes specific allegations, as more fully set forth below in our analysis section, Brockington does not make a short and plain statement of his claims against them, and it therefore is unclear what constitutional rights are implicated and whether he is

entitled to relief.

In addition, Brockington's Complaint does not comply with Federal Rule of Civil Procedure 10(b), which provides as follows:

> **(b) Paragraphs; Separate Statements.** A party must state its claim in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence - and each defense other than a denial- must be stated in a separate count or defense.

The Statement of Claim section of Brockington's Complaint consists of a nearly eight (8) page narrative that is not divided into separate paragraphs. (See Doc. 1 at 2-12.) This style of presentation is not in compliance with Rule 10(b), and therefore, Brockington will be directed to present his allegations in separate paragraphs in his amended pleading.

We now turn to a consideration as to whether Brockington's Complaint states a claim upon which relief may be granted.

**A.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

**B.   Analysis**

    **1.   Failure to State a Claim**

Brockington's Complaint fails to state a claim upon which relief may be granted. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained

of was committed by a person acting under color of state law; and (2) the conduct deprived Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

As stated above, Brockington only mentions four (4) of the Defendants in the Statement of Claim section of his Complaint. With respect to Defendant Wishenfsky, Brockington alleges that Wishenfsky slammed Brockington's hand in the tray slot of his cell door during an encounter on January 29, 2012 and then falsified a misconduct report against Brockington. (See Doc. 1 at 2-5.) While our liberal construction of pro se pleadings may lead us to infer a claim of excessive force in violation of Brockington's Eighth Amendment rights, see Haines, supra, 404 U.S. at 520, it is possible that Brockington seeks to pursue additional legal claims. Therefore, in his amended pleading, he should specify the legal claims he seeks to pursue against each Defendant and also provide corresponding factual allegations.

With respect to Defendant Kerestes, Brockington merely states that, on January 29, 2012, he wrote request slips to several people, including Kerestes, reporting that Wishenfsky slammed Brockington's hand in the slot. (See id. at 5.) Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Brockington's allegation that he submitted a request slip to Kerestes is insufficient to establish

Kerestes' personal involvement in a violation of his constitutional rights.

Similarly, Brockington alleges that the signatures of Defendants Brown and the John Doe Corrections Officer were on a refusal form as witnesses stating that Brockington had refused to attend his misconduct hearing and also refused to sign the refusal form. (See id. at 7.) This allegation alone is insufficient to establish the personal involvement of these Defendants in a violation of Brockington's constitutional rights.

### 2.     Inappropriate Requests for Relief

In his Complaint, Brockington makes requests for forms of relief that are not available within the context of a § 1983 civil rights action. He requests that this Court conduct a fair hearing on the issue of his misconduct, and specifically requests that this Court view camera footage, call witnesses, and view pictures that were taken of Brockington's hand. (See Doc. 1 at 10 § V.) He also requests that this Court "press charges" against Wishenfsky for assault. Further, he requests that the Superintendent step down and be demoted to Corrections Officer status, and that the Chief Hearing Examiner be precluded from acting in that capacity in the future. (See id. at 12.)

Brockington also requests monetary damages from Wishenfsky for slamming Brockington's hand and for falsifying a misconduct against him, as well as from unspecified hearing officers and unspecified members of the Program Review Committee for lying in the course of his disciplinary proceedings and for not giving him fair appeals after he was found guilty of misconduct. (See id. at 11-12.)

Where Brockington has failed to allege a violation of a constitutional right, it is not clear whether he would be entitled to any relief in the context of this action. Notwithstanding that point, where the monetary relief he is requesting implicates the validity of disciplinary proceedings, Brockington must demonstrate that the decision finding him guilty of misconduct has been invalidated through an administrative appeal or grievance before he may seek money damages in a § 1983 action. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

In this case, Brockington has not alleged that the misconduct from which his claims and requests for relief stem has been overturned either through administrative appeals or through the issuance of a writ of habeas corpus. Consequently, unless Brockington can allege in his amended complaint that this misconduct has been invalidated, his requests for monetary relief that implicate the validity of the finding that he was guilty of misconduct will be dismissed.

### C.   Leave to File an Amended Complaint

Based on the foregoing, Brockington's claims against Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Nevertheless, as set forth above, it is possible that the deficiencies in the Complaint may be remedied through amendment, and therefore, Brockington will be granted twenty-one (21) days to file an amended complaint consistent with this Memorandum.

If Brockington decides to file an amended complaint, he is advised that any amended complaint he files should contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Brockington is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1. As a result, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

In addition, Brockington is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and Brockington should specify what each individual Defendant did that led to a deprivation of his constitutional or other federal rights. Iqbal, supra, 129 S. Ct. at 1948-49. He also shall specify the relief he seeks with regard to each claim. Brockington's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

## II. Motion to Appoint Counsel

Along with his Complaint, Brockington submitted a Motion requesting the appointment of counsel to represent him in this matter. (Doc. 3.) The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint

counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. at 155-57. In Parham, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citation omitted).

Our analysis of these factors suggests that counsel should not be appointed in this case at the present time. Notwithstanding Brockington's assertions in the instant Motion that he has relied heavily on the assistance of other inmates to prepare and file his Complaint in this action, that the process of obtaining assistance is not easy, and that he struggles with mental health issues, we observe that Brockington nevertheless has been able to obtain the help necessary to file this action. We therefore cannot conclude, at least at this early stage of the case, that

Brockington lacks the ability to present this case on his own, albeit with the assistance of fellow inmates. We also find based upon our review of the Complaint that the legal issues presented by this case are not overly complicated and that there is no indication that a significant amount of factual investigation will be required. Moreover, while this case may turn, at least in part, on credibility determinations, both that consideration, and the consideration as to whether expert witness testimony will be required, are premature at this very early stage of the case where Defendants have not yet been served with the Complaint. It cannot be said, at least at this point, that Brockington will suffer substantial prejudice if he is required to proceed with litigating this case on his own. This Court's liberal construction of pro se pleadings, Haines, supra, 404 U.S.at 520, coupled with Brockington's apparent ability to litigate this action, weigh against the appointment of counsel. Therefore, the instant Motion will be denied. However, the denial will be without prejudice such that, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a properly filed motion.

## III. Conclusion

Based upon the foregoing, Brockington's Complaint will be dismissed without prejudice, he will be granted leave to file an amended complaint within twenty-one (21) days, and his Motion to Appoint Counsel will be denied without prejudice. An appropriate Order follows.

Robert D. Mariani
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMEL BROCKINGTON,          :     CIVIL NO. 3:CV-12-0482
        Plaintiff,         :
                              :     (Judge Mariani)
    v.                      :
                              :
C.O. WISHENFSKY, et al.,    :
        Defendants         :

## ORDER

AND NOW, to wit this 29th day of MARCH 2012, in accordance with the foregoing Memorandum, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 2) is construed as a request to proceed without full prepayment of fees and costs and is **GRANTED**.[1]

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. Within **twenty-one (21) days** from the date of this Order, Plaintiff may file an amended complaint in accordance with the foregoing Memorandum.

4. The Clerk of Court shall mail to Plaintiff two (2) copies of this Court's civil rights

---

[1] Along with his Motion requesting in forma pauperis status (Doc. 2), Plaintiff submitted an Authorization (Doc. 4) to have funds deducted from his prison account. The Court then issued an Administrative Order (Doc. 6) directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

complaint form which he shall use in preparing any amended complaint he may file.

5. Failure to file an amended complaint as directed within the required time will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice.

Robert D. Mariani
United States District Judge