IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jamel Brockington | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:12-CV-482 |
| | : | |
| v. | : | (Judge Robert D. Mariani) |
| | : | |
| C/O Wishnefsky | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | **Filed Via Electronic Case Filing** |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION PURSUANT TO FED. R. CIV. P. 12(b)(6) TO DISMISS
THE CLAIMS IN THE COMPLAINT**

**Procedural and Factual History**

On March 16, 2012, Jamel Brockington, a *pro se* inmate currently imprisoned at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant. *See* Document No. 1. With this Court's permission, Plaintiff filed an Amended Complaint on May 4, 2012. *See* Document No. 15. On April 10, 2012, the Undersigned Counsel waived service and entered an appearance for Defendant Wishnefsky. *See* Document Nos. 22 & 23. On August 27, Defendant filed a Motion to Dismiss. *See* Document No. 26. This brief is now timely filed in support thereto.

Brockington alleges that, apparently in retaliation for Brockington's filing of grievances against him, Defendant Wishnefsky slammed the door of the food slot on Brockington's hands several times, cutting his hand and drawing blood. *See*

Amended Complaint, p. 2-3. Brockington further alleges that Defendant later refused to feed him. *Id.*

As relief, Brockington is seeking $150,000 in both compensatory and punitive damages, a declaration that the Defendant's acts violated Brockington's constitutional rights and a preliminary and permanent injunction ordering the Defendant to cease violent behavior against him.

## Questions Presented

1. **Should this Court dismiss Brockington's Amended Complaint because he has failed to exhaust his available administrative remedies?**

    **Suggested Answer:** **Yes.**

2. **Should this Court dismiss Brockington's excessive force claim because the force alleged does not rise to the level of an Eighth Amendment violation?**

    **Suggested Answer:** **Yes.**

3. **Should Brockington's Eighth Amendment claim based upon alleged denial of food be dismissed for failure to state a claim?**

    **Suggested Answer:** **Yes.**

4. **Should Brockington's retaliation claim be dismissed for failure to state a claim?**

    **Suggested Answer:** **Yes.**

5. **Should Brockington's harassment claim be dismissed because such claims implicate no civil rights?**

    **Suggested Answer:** **Yes.**

**6.     Should Plaintiff's claims for money damages against Defendants in their official capacities be dismissed for the failure to state a claim upon which relief can be granted?**

**Suggested Answer:       Yes.**

### Standard to Be Utilized in Determining Whether to Grant a Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted). To survive a motion to dismiss, a plaintiff may not rely on mere "labels and conclusions," but instead must aver enough facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## **Argument**

**1. This Court should dismiss Brockington's Amended Complaint because he has failed to exhaust his available administrative remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust his available administrative remedies before filing a federal lawsuit. 42 U.S.C. § 1997(e)(a). The U.S. Supreme Court has refused to adopt any exceptions to this statutory requirement. *Booth v. Churner*, 532 U.S. 731, 739 (2001)(exhaustion requirement under the PLRA applies despite the lack of relief for money damages under prison grievances); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion requirement applied to excessive use of force claim). District courts do not have the discretion to enforce or not enforce the PLRA's exhaustion requirement. *Porter*, 534 U.S. at 523; *Booth*, 532 U.S. at 739.

The Department has an Inmate Grievance Review System ("Grievance Policy"). *See* DC-ADM 804.[1] The Grievance Policy provides an administrative procedure through which inmates can seek resolution of problems. If informal resolution fails, the Grievance Policy provides a three-step process for resolution of inmate grievances; the initial grievance, the appeal to the Superintendent, and the final appeal to Central Office (SOIGA).

---

[1] The Department's Administrative Directives are available at <http://www.cor.state.pa.us>.

In this case, despite Brockington's claims to have exhausted his available administrative remedies, he makes no mention that he appealed the matter to final decision; rather he only states that his grievance was denied because it was not properly dated.  *See* Document No. 15, p. 2.  By failing to exhaust his administrative remedies with regard to his claims, he is precluded from raising them in this forum and the Amended Complaint should be dismissed.

> **2.    This Court should dismiss Brockington's excessive force claim because the force alleged does not rise to the level of an Eighth Amendment violation.**

Brockington alleges that Defendant subjected him to excessive force by closing the lid of Brockington's food slot on his hand.  *See* Amended Complaint, pp. 2-3.  This claim is meritless.

The United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, (1994), stated that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment", 511 U.S. at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations, emphasis and citations omitted).  To establish a prison official's violation of the Eighth Amendment, it must be shown that an alleged deprivation was, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977, *citing Wilson*, 501 U.S. at 298, 111 S. Ct. at 2324, and *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999 (1992).  In addition, it must be

shown that the prison official acted with a sufficiently culpable state of mind. *Farmer, id*.

It must be noted that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.' 'The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.'" *Wilkins v. Gaddy*, __ U.S. __, 130 S. Ct. 1175, 1178 (2010) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (some internal quotation marks and citations omitted).

The courts employ several factors when determining whether a corrections officer has violated the Eighth Amendment by using excessive force. *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000) (citing *Whitley v. Albers,* 475 U.S. 312, 321 (1986)). The courts look at: 1) the need for application of force; 2) the relationship between the need and the amount of force used; 3) the extent of the injury inflicted; 4) the threat to safety of staff and inmates, as reasonably perceived by a responsible official; and, 5) any efforts made to temper the severity of a forceful response. *Id.* Essentially, the heart of the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992).

Applying the *Hudson* factors, here, there was clearly a need for the amount of force used to attempt to close the tray slot due to Brockington's admitted behavior in placing his hands in the tray slot. It is clear that an inmate's arm outside of his cell is, in fact, a physical threat. Brockington admits his hands were in the tray slot; he could have easily grabbed for an officer's keys or person by his admitted actions. In *Schaeffer,* the Court discusses the threats posed by a similar situation:

> "Plaintiff admitted that he purposefully took the pie hole hostage knowing that no other medications could be dispensed until his pie hole was closed. He admitted that he disobeyed a direct order to remove his hand from the food slot. Defendant Cyr's response in hitting Plaintiff's hand, even three times, was a reasonable response to the threat posed by Plaintiff's actions. *See e.g., Cowans v. Wyrick,* 862 F. 2d 697, 699 (8th Cir. 1999) (noting that "reasonable measures undertaken to resolve a disturbance when the disturbance indisputably poses significant risks to the safety of inmates and prison staff do not rise to the level of cruel and unusual punishment" and recognizing that an inmate's refusal to shut his food service door when directed to do so was such a disturbance because a significant security threat was posed); *Boyd v. Selmer,* 842 F. Supp. 52 (N.D.N.Y. 1994)(holding that the force applied by officers in compelling inmate to remove his hand from feed-up flap, which consisted of striking inmate three to four times with their batons, was not excessive under the circumstances.)"

*Schaeffer v. Schamp*, 2008 U.S. Dist. LEXIS 12101, *11-12 (W.D. Pa. May 28, 2008) (Appendix Exhibit "A").

Furthermore, Brockington's allegation that Defendant closed the lid of the food wicket on his hand is the type of *de minimis* use of force that falls well outside the scope of the Eighth Amendment. *See, e.g., Washam v. Klopotoski*, 403

Fed. Appx. 636 (3d Cir. 2010) (Appendix Exhibit "B") (knocking books out of inmate's hands and slamming him to ground considered non-actionable); *Harcum v. LeBlanc*, 2010 U.S. Dist. LEXIS 136007 (E.D. Pa. 12/23/10) (Appendix Exhibit "C")) (guard kicking inmate's arm not liable under Eighth Amendment); *Barber v. Grow*, 929 F. Supp. 820 (E.D. Pa. 1996) (prison employee pulling chair out from under inmate, producing lacerations and bruising, insufficient for Eighth Amendment claim); *Brown v. Vaughn*, 1992 U.S. Dist. LEXIS 4221 (E.D. Pa. 3/30/92) (Appendix Exhibit "D") (guard not liable under Eighth Amendment for punching inmate in chest and spitting on him); *see also Jackson v. Pitcher*, 1992 U.S. App. LEXIS 14682 (6th Cir. 1992) (Appendix Exhibit "E") (allegation that guard knocked cigarette out of inmate's hand and stomped on inmate's hand insufficient for Eighth Amendment claim).

Because Brockington's allegation that Defendant closed the lid of Brockington's food compartment on his hand does not rise to the level of an Eighth Amendment violation, this claim should be dismissed.

### 3. Brockington's Eighth Amendment claim based upon the alleged denial of food should be dismissed for failure to state a claim.

To the extent that Brockington allegations constitute an Eighth Amendment claim based upon allegedly being denied food, his claim fails. To state a *prima facie* claim under the Civil Rights Statute, 42 U.S.C. § 1983, Brockington must allege a violation of rights secured by the United States Constitution and the laws

of the United States, and he must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48-57 (1988). "[D]eficiencies and inadequacies in prison conditions do not necessarily violate the Eighth Amendment. The amendment is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

To establish an Eighth Amendment violation, Brockington must satisfy both an objective element of a serious deprivation of human needs and a subjective element of deliberate indifference by a prison official. *Wilson v. Seiter*, 501 U.S. 294 (1990). However, Brockington's allegations state that he was denied food on only one occasion. The loss of a single meal can hardly be considered a serious deprivation. Accordingly, Brockington fails to establish an Eighth Amendment violation on the part of Defendant Wishnefsky and any allegation of cruel and unusual punishment based upon denial of food should be dismissed.

    **4.**     **Brockington's retaliation claim should be dismissed for failure to state a claim.**

To the extent that Brockington's Amended Complaint is construed as setting forth a claim for retaliation for filing grievances, his claim fails. *See* Amended Complaint, p. 4. To state a claim for retaliation, an inmate must show that (1) he engaged in some type of constitutionally protected conduct, (2) he was the subject

of an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) there was a causal relationship between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). With regard to the third prong of the *Rauser* test, "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

In establishing those elements of a retaliation claim, a plaintiff must produce more than "general attacks" upon the defendant's motivations; plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that he carried his burden of proving the requisite motive. *See Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (internal citations omitted).

To the extent Brockington alleges Defendant Winshefsky used excessive force against him in retaliation for grievances filed, his claim fails. Assuming *arguendo* that Brockington has satisfied the first and second prongs of the *Rauser* test in regard to alleged retaliation for filing a grievance against Defendant Wishnefsky, he cannot meet the third prong. Brockington has not pled facts to establish that any of Defendant's behavior was "unrelated to a legitimate

penological justification." As stated above, the placing of Brockington's person outside of his cell constitutes a security concern requiring immediate action. Brockington's general attacks are insufficient to overcome the presumption that Defendant Wishnefsky was acting within his legitimate interest in the effective management of the facility, and Brockington's claim is therefore meritless. *See Crawford-El v. Britton, supra.*

> **5.** **Brockington does not state a claim related to verbal abuse because such claims implicate no civil rights.**

To the extend Brockington alleges that Defendant Wishnefsky threatened him, *see* Amended Complaint, p. 3, his claim fails. Mere threatening, even violent, language and gestures of a corrections employee, does not amount to a constitutional violation. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *see also Shabazz v. Cole*, 69 F. Supp. 2d 177, 199-201 (D. Mass. 1999) (collecting cases and concluding that "the weight of authority is that verbal threats, even abusive threats with racial epithets, do not, in the context of prison, violate an inmate's constitutional rights"). Therefore, because Brockington's allegations of threats and verbal abuse do not rise to the level of a civil rights violation, these claims should be dismissed.

### 6. Brockington's claims for money damages against Defendant should be dismissed because they are barred by the Eleventh Amendment.

Unless consented to by the state, the Eleventh Amendment prevents suits from being brought in Federal Court against a state or one of its agencies or departments for money damages. *Pennhurst v. Halderman,* 465 U.S. 89, 99-100 (1984). A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state and therefore is also barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Pennsylvania expressly withheld consent to suit when it enacted its exceptions to sovereign immunity. *See* 42 Pa.C.S.A. § 8521. Therefore, suits against Pennsylvania and Pennsylvania officials acting in their official capacity are barred by the Eleventh Amendment and Brockington's claims for money damages against Defendant Wishenfsky should be dismissed.

## Conclusion

For the foregoing reasons, Defendant hereby respectfully requests that the *Motion to Dismiss* be granted and that Brockington's Amended Complaint be dismissed with prejudice.

        Respectfully submitted,

        Office of General Counsel

**By:** **/s/ Julie R. Tilghman**
Julie R. Tilghman, Assistant Counsel
Attorney ID No.: 208882
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA  17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0312
jtilghman@pa.gov

Dated:  September 5, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jamel Brockington | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:12-CV-482 |
| | : | |
| v. | : | (Judge Robert D. Mariani) |
| | : | |
| C/O Wishnefsky | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | **Filed Via Electronic Case Filing** |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the *Brief in Support of Defendant's Motion to Dismiss* upon the person(s) in the manner indicated below:

**Service by first-class mail addressed as follows:**

Jamel Brockington
Inmate No. JS-5785
SCI-Mahanoy
301 Morea Road
Frackville, PA 17932


/s/ Shelly R. Holley
Shelly R. Holley
Legal Assistant I
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763

Dated:  September 5, 2012