## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEL BROCKINGTON,** | : | **Civil No. 3:12-CV-482** |
| | : | |
| **Plaintiff** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. WISHENFSKY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* civil rights action brought by an inmate in the custody of the Pennsylvania Department of Corrections.  This lawsuit began on March 16, 2012, when the plaintiff, Jamel Brockington, a state inmate, filed a *pro se* complaint, alleging, *inter alia*, that the defendant, Correctional Officer Wishnefsky, had used excessive force against him on January 29, 2012, when Officer Wishnefsky allegedly slammed a cell door food slot wicket shut on Brockington's arm.  (Doc. 1.) Brockington has also alleged that Wishnefsky took these actions, and filed misconduct reports against the plaintiff, in retaliation for grievances lodged by Brockington in the past.  (<u>Id.</u>)

This case now comes before the court for further resolution of a discovery dispute. Specifically, Brockington filed a motion to compel (Doc. 73.), which sought three categories of records: (1) a disciplinary report relating to another prisoner, who may be a witness for the plaintiff; (2) all investigative records pertaining to the incident involving Brockington and Officer Wishnefsky on January 29, 2012; and (3) copies of grievances filed by Brockington relating to this incident. (Id.)   Upon consideration of the motion to compel, and the defendants' response, we denied the motion, in part, and granted it, in part, as follows:  The motion was denied with one exception.  The defendant was directed to produce for *in camera* inspection any previously non-disclosed investigative reports relating to the January 29, 2012 episode, so the court could assess their relevance and any claims of privilege relating to these documents.

The defendants complied with this request, (Doc. 86.), and we have reviewed these documents *in camera*.  Having conducted this review, we note that the materials include witness statements relating to the incident at question in this lawsuit, including statements from Correctional Officer Wishnefsky, other correctional staff, and inmates.  In a few instances, the persons interviewed stated that they have no knowledge of this episode.  Such statements need not be released.  However, the majority of these statements recount the events giving rise to this lawsuit from a

2

variety of staff and inmate perspectives.   Some of the statements support Brockington's claims; other statements contradict those claims.   In our view, all of these statements fall within the broad ambit of relevant evidence as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Since this evidence is relevant these statements should be provided to Brockington and IT S ORDERED that these witness statements be released to the plaintiff within 20 days.   We recognize, however, that the defendants and the third parties named within these statements may have legitimate privacy and institutional security interests.   Therefore, the defendants may, in conjunction with this order and the release of this information, seek any appropriate protective order relief which ensures that the substance of this relevant information is provided to Brockington while protecting legitimate security and privacy concerns.

So ordered, this 24th day of June 2015.

_S/Martin C.  Carlson_____
Martin C. Carlson
United States Magistrate Judge