# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEL BROCKINGTON,** | : | Civil No. 3:12-CV-482 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **C.O. WISHENFSKY, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* civil rights action brought an inmate in the custody of the Pennsylvania Department of Corrections. This lawsuit began on March 16, 2012, when the plaintiff, Jamel Brockington, a state inmate, filed a *pro se* complaint, alleging, *inter alia*, that the defendant, Correctional Officer Wishenfsky, had used excessive force against him on January 29, 2012, when Officer Wishenfsky allegedly slammed a cell door food slot wicket shut on Brockington's arm. (Doc. 1.) Brockington has also alleged that Wishenfsky took these actions, and filed misconduct reports against the plaintiff, in retaliation for grievances lodged by Brockington in the past. (Id.)

This case now comes before the court for further resolution of a discovery dispute. Specifically, Brockington filed a motion to compel (Doc. 73.), which sought three categories of records: (1) a disciplinary report relating to another prisoner, who may be a witness for the plaintiff; (2) all investigative records pertaining to the incident involving Brockington and Officer Wishenfsky on January 29, 2012; and (3) copies of grievances filed by Brockington relating to this incident. (Id.) Upon consideration of the motion to compel, and the defendants' response, we denied the motion, in part, and granted it, in part, as follows: The motion was denied with one exception. The defendant was directed to produce for *in camera* inspection any previously non-disclosed investigative reports relating to the January 29, 2012 episode, so the court could assess their relevance and any claims of privilege relating to these documents. The defendants complied with this request, (Doc. 86.), and having reviewed these documents *in camera*, we noted that the materials include witness statements relating to the incident at question in this lawsuit, including statements from Correctional Officer Wishenfsky, other correctional staff, and inmates. In a few instances, the persons interviewed stated that they have no knowledge of this episode. Such statements need not be released. However, the majority of these statements recount the events giving rise to this lawsuit from a variety of staff and inmate perspectives. Some of the statements support

Brockington's claims; other statements contradict those claims.  In our view, all of these statements fall within the broad ambit of relevant evidence as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Therefore, we ordered that these witness statements be released to the plaintiff within 20 days but provided that the defendants may, in conjunction with this order and the release of this information, seek any appropriate protective order relief which ensures that the substance of this relevant information is provided to Brockington while protecting legitimate security and privacy concerns.  (Doc. 89.)

    The plaintiff has now filed a motion for clarification which seeks to clarify whether there is any preserved video footage of this incident.  (Doc. 92.)  We will GRANT this motion in part as follows:  As we understand it, there is no preserved video footage of this incident, although there may be a narrative description of what the unpreserved video depicted.  If this is correct, within 20 days the defendant shall confirm that no video exists, and provide the plaintiff with the substance of any narrative description of the unpreserved video.  If a video does exist, the defendant shall make arrangements to show it to the plaintiff.

    So ordered, this 6th day of July 2015.

                                       *S/Martin C. Carlson*
                                       Martin C. Carlson
                                       United States Magistrate Judge