**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMEL BROCKINGTON,** | : | **Civil No. 3:12-CV-482** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **C/O WISHENFSKY** | | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I.   INTRODUCTION

This plaintiff in this case is Jamel Brockington, an inmate in the custody of the Pennsylvania Department of Corrections housed at the State Correctional Institution at Camp Hill.   Brockington has sued a correctional officer, C/O Wishenfsky, alleging that on January 29, 2012, while housed at SCI-Mahanoy, this officer slammed a food wicket on Brockington's hand, cutting him.   Brockington avers that Wishenfsky did this out of retaliation for Brockington having filed grievances against him.   Brockington contends that Wishenfsky's actions violated his rights under the First and Eighth Amendments to the United States Constitution.

Despite containing straightforward constitutional claims against a single defendant arising out of a discrete episode, this action is now more than four years old and comes before the Court on a lengthy and somewhat convoluted procedural background.  For the reasons explained below, the action is also now subject to dismissal because Brockington failed to exhaust his administrative remedies regarding this claim timely prior to bringing suit, and he has offered insufficient and wholly implausible factual support for his assertion that he did, in fact, fully exhaust his grievances.  Accordingly, despite the duration that this action has been pending, and the efforts by the parties that predated the pending motion for summary judgment, we are constrained to enter summary judgment in favor of the defendant pursuant to plain application of the Prison Litigation Reform Act.

## II.   <u>BACKGROUND</u>

The action was initiated for the first time on March 16, 2012.  Brockington amended his complaint on May 4, 2012.  (Doc. 15.)  Counsel for Wishenfsky entered her appearance on August 8, 2012, and promptly moved to dismiss the claims.  (Docs. 26-28.)  In response, Brockington voluntarily dismissed his claims.  (Doc. 35.)  Then, on September 5, 2013, Brockington moved for leave to file an amended complaint, which was denied, since Brockington failed to clearly spell out his claims by attaching a proposed amended pleading.  (Docs. 40, 42.)

On October 30, 2013, Brockington again moved for leave to amend, this time attaching an amended complaint. (Docs. 43.)  This motion was granted, and the defendants named at that time were directed to respond. (Doc. 44.)  After the Court issued that order, however, the parties continued to litigate the motion for leave to amend, with the defendants opposing the request.  On January 9, 2014, the Court again issued an order granting Brockington's motion and directing an answer or other response. (Doc. 49.)

On March 3, 2014, Brockington filed yet another amended complaint, and on April 21, 2014, the defendants moved to dismiss. (Docs. 51, 54.)  After the matter was briefed, this Court issued a report and recommendation recommending that the motion be denied with respect to Brockington's Eighth Amendment excessive force and retaliation claims against C/O Wishenfsky, as well as the affirmative defense of failure to exhaust administrative remedies, but without prejudice to the defendant's right to file a fully documented motion for summary judgment addressing these issues.  In all other respects, it was recommended that the motion to dismiss be granted. (Doc. 61.)

The parties continued to litigate this case, and engaged in a variety of discovery and motions practice.  On September 28, 2015, the defendant moved for summary judgment on the grounds that Brockington's claims should be dismissed for failure to exhaust administrative remedies. (Doc. 103, 108, 111.)  After this

3

motion was briefed, the parties consented to proceed before a United States Magistrate Judge.  (Docs. 131, 132.)

Upon consideration, we find that it is clear that Brockington simply failed properly to exhaust his administrative remedies prior to bringing this lawsuit – something that was incapable of being decided before the defendant filed a properly supported motion for summary judgment.   Brockington's efforts to suggest that he did exhaust are unsupported, incredible and unavailing, and we find that the defendant is entitled to have judgment entered in his favor and have this case closed.

## III.   DISCUSSION

### A.   Rule 56 – The Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a).  Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality."  *Univac Dental Co. v. Dentsply Int'l, Inc.*, No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).  The substantive law identifies which facts are material, and "[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. <u>Anderson</u>, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252; *see*

*also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 794 (3d Cir. 2007).

It is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." *Thimons v. PNC Bank, NA*, 254 F.App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial.*" Fireman's Ins. Co. Of Newark NJ v. DuFresne*, 676 F.2d 965, 968 (3d Cir. 1982), *see Sunshine Books, Ltd. v. Temple University*, 697 F.2d 90, 96 (3d Cir. 1982)." [A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." *Lockhart v. Hoenstine*, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985)(citing *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981)).

B.    **The PLRA Exhaustion Requirement**

The Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA") requires that prisoners present their claims through an administrative grievance process prior to seeking redress in federal court.  Specifically, the Act provides that:

> No action shall be brought with respect to prison conditions under [§ 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  In accordance with the PLRA, prisoners must comply with exhaustion requirements with respect to any claim that arises in the prison setting, regardless of the type of claim asserted, or the relief sought.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").

As the statute's language makes clear, the exhaustion of available administrative remedies *prior* to filing suit is mandatory.  *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of

7

futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

Moreover, the exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to comply with the procedural requirements of the available grievance system will result in a claim being deemed procedurally defaulted. *Id.* at 90; *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). An inmate cannot circumvent the PLRA's exhaustion requirement by failing to properly exhaust the prison's administrative review process, or by waiting until such remedies are no longer available to him. Woodford, 548 U.S. at 95. However, if an inmate shows that the actions of prison officials directly caused the inmate's procedural default of a grievance, the inmate will not be held to strict compliance with the exhaustion requirement. *Brown v. Croak*, 312 F.3d 109, 112-13. Likewise, "[w]here [the inmate] failed to receive even a response to the grievances addressing the . . . incidents, much less a decision as to those grievances, the [administrative remedy] process was unavailable to him." *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013).

8

### C.    Department of Corrections' Policy DC-ADM 804

Pursuant to 37 Pa. Code § 93.9, the Department of Corrections maintains a grievance system that offers inmates a three-phase grievance and appeals procedure.  *See* DC-ADM 804.  Pursuant to DC-ADM 804, inmates must first file grievances with the Facility Grievance Coordinator at the facility where the events upon which the complaint is based occurred.  If the inmate is dissatisfied with the initial review of his grievance, he may appeal the decision to the Facility Manager (Superintendent).  Upon receiving a decision from the Superintendent, the inmate may file an appeal with the Secretary's Office of Inmate Grievances and Appeals (SOIGA) within 15 working days of the Superintendent's decision.  *Id.*  The defendant has provided an affidavit from Dorina Varner, the Chief Grievance Officer in the SOIGA, who has attested to the DOC's grievance policy and practices, and also to her own review of Brockington's grievance history in support of the motion for summary judgment.

### D.    Brockington Failed to Comply With the Prison Grievance Procedures

Ms. Varner states under oath that Brockington filed one grievance related to the alleged January 29, 2012, incident during which he claims that C/O Wishenfsky assaulted him by closing a food wicket on his hand.  Ms. Varner attests that it was not until April 24, 2012, that Brockington filed Grievance No. 409705.  (Doc. 104-1, Declaration of Dorina Varner, ¶ 8-9; Ex. C, Grievance.)

This grievance was rejected on April 25, 2012, because it had been submitted months after the alleged incident, and not within the 15 days as required under the DC-ADM 804 policy.  (*Id.* ¶ 10.)

Brockington endeavored to appeal the denial of his grievance on April 28, 2012.  (*Id.* ¶ 11.)  On May 2, 2012, the rejection of the grievance was upheld because it had plainly failed to comply with DC-ADM 804 for being untimely. (*Id.* ¶12.)

On May 16, 2012, Brockington appealed to SOIGA, the final level of review.  (*Id.* ¶13; Ex.C, Appeal to Final Review.)  This appeal was reviewed on July 12, 2012, and it was found that the grievance had been properly rejected at the facility level for failure to date the grievance and failure to submit it within the deadline prescribed by the DC-ADM 804.  (*Id.* ¶14.)

Brockington has not adequately disputed the facts as laid out in Dorina Varner's declaration, and as further evidenced in the attachments to her declaration.  Instead, it appears that Brockington has attempted to create the appearance that he timely filed his grievance by placing it in the box used for grievances at SCI-Mahanoy on January 29, 2012.  This is indicated on the bottom of the grievance where it is written, in Brockington's handwriting, "I put this grievance in the box on 1-29-2012."  (Doc. 104-1, p. 30.)  There is absolutely nothing to support this assertion other than Brockington's own say-so, an assertion

which constitutes little more than. "a mere denial [which] is insufficient to raise a disputed issue of fact,. . . ." *Lockhart v. Hoenstine*, 411 F.2d 455, 458 (3d Cir. 1969).  Furthermore, this legally insufficient denial is absolutely contradicted by other, undisputed evidence.  For example, this assertion by the plaintiff is discredited by the fact that the date of rejection and the statement "REJECTED", which appears also to be in Brockington's own hand, bear the date that the grievance was received by the grievance coordinator at SCI-Mahanoy.  As the defendant notes, if the document had actually been released from Brockington's possession on January 29, 2012, when he claims that he put it in the grievance box, it would be impossible to explain how the grievance could contain additional information, also in Brockington's handwriting on the date that it was actually received by the grievance coordinator – April 24, 2012.  Thus, Brockington's argument invites the Court to suspend the laws of time and space, and conclude that a document Brockington claims to have prepared and submitted on January 29, 2012, can simultaneously contain entries that would have been written three months later in April of 2012.  It is simply not possible to reconcile this fact, and Brockington has offered nothing that would merit the Court even convening a plenary hearing on the issue of exhaustion, which is a matter of law for the court to decide in the first instance.  *See Small v. Camden County*, 728 F.3d 265, 270-71 (3d Cir. 2013).

Instead, Brockington has devoted his brief to asserting entirely new and unrelated allegations about the confiscation of his personal property and other grievances and complaints about other prison officials who Brockington now accuses of misconduct or mishandling of his grievance, or of other institutional infractions.  Brockington seems to have made similar assertions in his various filings with prison officials relating to this matter and to his misconduct proceedings, but we do not find anything in his voluminous handwritten submissions regarding a variety of disparate disputes that he had with prison officials at SCI-Mahanoy is sufficient to overcome the defendant's showing that Brockington's initial grievance in this matter was not timely filed – something that was considered at every stage of the grievance process, along with Brockington's other allegations, all of which were found to be unavailing.  Further, we find as a legal matter that Brockington may not at this late date endeavor to amend his pleadings through arguments contained in his briefs.  Rather, it is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion.  Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc*., 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984)); *cf. Frederico v. Home Depot,* 507 F.3d 188, 202 (3d

Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6).").

We similarly find that Brockington has not satisfactorily shown that the grievance process was unavailable to him.  On this score Brockington's claims are factually unsupported and internally inconsistent.  Much of Brockington's various arguments seem to be about difficulties he faced after being disciplined for a misconduct following his encounter with Wishenfsky, or are suggestive that he believes the grievance process was not available to him and that this caused him to file an untimely grievance.  It is hard to reconcile this suggestion with the fact that Brockington has also claimed to have prepared and submitted a grievance on January 29, 2012, – something that is itself highly dubious and was not credited by prison officials at any of the three levels of review.  Brockington's positions seem to have shifted at various stages in a manner that is neither consistent, nor coherent, nor persuasive, and we find his inconsistent and self-serving assertions are insufficient to create an issue that would bar summary judgment.

Accordingly, we find that summary judgment in this matter is now warranted because Brockington failed to exhaust his administrative remedies prior to filing this lawsuit.

An Order granting summary judgment in defendant Wishenfsky's favor follows this memorandum.


                                        __/s/  Martin C. Carlson__
                                        Martin C. Carlson
                                        United States Magistrate Judge

Dated:  May 11, 2016